### GREER v. THAMAN et al.
#### No. 1602—5991.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

King, Wood & Morrow and W. S. Jacobs, Jr., all of Houston, for plaintiff in error.

Robert L. Sonfield, of Houston, for defendants in error.

CRITZ, J.

This suit was instituted in the district court of Harris county, Tex., by Mrs. Wilhelmina Thaman and her husband, against Webb Greer, owner of Red Star Bus Line, to recover damages on account of personal injuries alleged to have been suffered by Mrs. Thaman while a passenger on a bus belonging to Greer. The case was submitted to a jury in the district court on numerous special issues, and, based on the jury's answers thereto, judgment was rendered for the Thamans for $4,604.85. This judgment was affirmed by the Court of Civil Appeals. 38 S.W.(2d) 378. Greer brings error.

The undisputed evidence shows that any injuries Mrs. Thaman may have received resulted on account of the bus in which she was riding as a passenger for hire turning on its side in a ditch alongside the public road on which it was traveling. It is undisputed that Greer owned the bus and was operating it by his employee on the occasion in question.

The jury, in response to appropriate questions, found the driver of the bus negligent in failing to keep a proper lookout ahead of him, and found Greer negligent in failing to have the bus equipped with an adequate windshield wiper. The jury also found that the above acts of negligence directly and proximately produced the injuries complained of. Greer's answer contains, among other things, a general denial, and an allegation that Mrs. Thaman's injuries, if any, were caused by an unavoidable accident. Of course, it was not necessary to specially plead unavoidable accident as a defense. That defense is always available under a general denial, if the evidence raises it.

Greer seasonably requested the trial court to submit to the jury the issue as to whether Mrs. Thaman's injuries were the result of an unavoidable accident. The issue was refused. The Court of Civil Appeals holds that such refusal does not constitute reversible error. Greer presents this ruling to the Supreme Court by proper assignments.

For the purpose of deciding the question as to whether the trial court committed reversible error in refusing to submit the issue of unavoidable accident, we take it for granted that the jury's findings that Greer and his driver were guilty of negligence which produced Mrs. Thaman's injuries are supported by the evidence. Notwithstanding such finding, however, we think the evidence also raises the issue of unavoidable accident. This being true, Greer was entitled to have such issue directly submitted to the jury for a finding. Of course, if Greer and his driver were guilty of negligence which proximately caused Mrs. Thaman's injuries, and she was not guilty of contributory negligence, her injuries could not have been the result of an unavoidable accident; but Greer had the right to demand the direct submission of his defense as raised by the evidence according to the state thereof before, and not after, it was interpreted by the jury. In other words, in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence. Dallas Railway & Ter. Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 183; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058.

We now come to consider the question as to whether the evidence raises the issue of unavoidable accident.

It is undisputed that Mrs. Thaman's injuries resulted because the bus in which she was riding as a passenger for hire turned on its side in a ditch by the side of the public road on which it was traveling. It was the contention of the Thamans that the bus was caused to turn over by the negligence of Greer and his driver. On the other hand, it was Greer's contention that the bus turned over solely on account of conditions and circumstances which existed at the time, and which neither he nor his driver could have foreseen or prevented by the use of that very high degree of care and prudence required of carriers of passengers for hire.

The evidence further tends to show that on the occasion of this event it was raining, and the road narrow and the shoulders thereof soft and easy to cave. The evidence further tends to show that neither Mrs. Thaman, Greer, nor the driver were guilty of any act of negligence. The evidence then tends to show that just before the accident the bus was traveling along the right-hand side of the road, barely moving; that three cars were approaching on the same road coming from an opposite direction; that the first of such cars was coming around a bend in the road, and was running pretty fast; that it was night, and the lights of the three approaching cars bright and blinding; that, on account of such conditions, the driver of the bus pulled over on the side of the road, and stopped, or almost stopped, with his right front wheel near the edge thereof; and that at this instant the ground under such wheel gave way, and thereby caused the right wheels of the bus to slip or roll into the ditch, causing such bus to turn on its side in the ditch.

We think the other evidence above stated, together with the evidence as to the caving of the ground under the wheel of the bus, raises the issue of unavoidable accident. This being true, the trial court committed reversible error in refusing to submit it. Dallas Railway & Ter. Co. v. Garrison, supra; 39 Cyc. 666.

In submitting the issues of negligence, the trial court defined the term "proximate cause" as follows:

"Proximate cause of an injury, as the term is used in this charge, in its legal signification, is a cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and

without which the event would not have occurred.

"But, in order to warrant a finding that negligence is a proximate cause of an injury, it must appear from the evidence that the injury was the natural and probable consequence of the negligence and ought to have been foreseen as likely to occur by a person of ordinary prudence in the light of attending circumstances."

Counsel for Greer excepted to the above charge on the ground that it failed to define the term "new and independent cause," used therein, and at the same time tendered and requested a correct charge defining the latter term. The trial court overruled the exception and refused the charge requested. This was error. "New and independent cause" is a term or phrase of technical meaning, and a court cannot presume that ordinary jurors can comprehend and apply it. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

The Court of Civil Appeals holds that no error was committed in refusing to define the term "new and independent cause," because no such issue was in the case. Our ruling that unavoidable accident is in the case adversely disposes of this holding.

■ Further discussing the failure of the trial court to define the term "new and independent cause," used in his definition of "proximate cause," we wish to say that all negligence cases do not involve the issue of "new and independent cause," and such cases do not require a charge defining the latter term, but from a standpoint of pure logic it must be held that, where it is necessary to use the term "new and independent cause," in defining "proximate cause," it is also necessary to define the term "new and independent cause." This is because article 2189, R. C. S. 1925, requires the court to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." In other words, in a case where it is necessary to define a term, it is also equally as necessary that the jury understand the terms used in the definition. Of course, it is never necessary to define terms of such simple meaning that they are presumed to be understood by the average men who compose our juries.

We recommend that the judgment of the Court of Civil Appeals and district court be both reversed and the cause remanded to the district court for a new trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.