## NORTHWEST MOTORS, Inc., v. MUIRHEAD.

No. 12912.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 16, 1933.

Rehearing Denied Jan. 27, 1934.

H. L. Ratliff, of Wichita Falls, and Weeks, Hankerson & Potter, of Tyler, for appellant.

O. E. Nelson, of Wichita Falls, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for wages. The appellant reduced its wage scale, promising that upon a future contingency, the description of which is in dispute, the amount of the reduction would be paid. The appellee contended the contingency had occurred.

The record shows the trial occurred in October, 1932. There are in the transcript copies of a trial amendment by defendant, a requested special issue refused by the court, and orders on general demurrers and special exceptions all marked by the clerk of the trial court as filed January 21, 1933. The term of court at which the trial was held ended December 3, 1932.

The order on general demurrer and special exception recites that same was made at the proper time, October 18th. However, the only verity which we have that such orders were in fact made is the indorsement thereon that same were "Filed January 21, 1933. Julian McFall, Clerk of County Court," etc.

■ In the sense that pleadings or acts of the litigant's part in trial are "filed," an order is not "filed." The order or judgment is that which the judge speaks in determination of an issue properly before him. Coleman v. Zapp, 105 Tex. 491, 115 S. W. 1040. Such orders or

judgments are recorded in the minutes of the court. Revised Statutes, art. 1899. Originally it was the practice and is still within contemplation that the clerk wrote into his minutes as the judge spoke the decree. Each term the court reviews these records and approves or corrects them. With more detailed types of judgments, drafts of the forms of such judgments were prepared by counsel, rule 48 for district and county courts, or by the court. The convenience of typewriters and stenographers has accustomed us to a practice by which almost universally the draft of the judgment is prepared, and thereupon the judgment is pronounced in open court, and this draft handed to the clerk for his convenience in recording the judgment in the minutes. None of this changes the fact that on appeal the judgment which we consider is that which is recorded in the minutes, unless proper attack is made on its entry as untrue. 26 Texas Jurisprudence, 424 et seq. R. S. art. 2282, requires the clerk to certify to the correctness of the transcript. Such certificate before us certifies that such copies in the transcript are true and correct copies of such orders "as the same now appears from the original papers now on file and of record in this office." It thus appears affirmatively that the clerk is not certifying to any orders as same appear in the minutes of the court. We are not willing to countenance any such departure which will render uncertain the transcript which is the foundation of an appeal.

■ The trial amendment does not show when it was presented to the court, nor can we learn from the record whether it was ever in existence prior to January 21, 1933. That issue and amendment are required to be filed to give them place in this record.

As far as the requested issue is concerned, article 2188 provides that, when the same is indorsed "Refused" and signed officially by the trial judge (and this one is so endorsed and signed), "it shall be conclusively presumed that the party asking said charge presented the same at the proper time, * * * and the same shall entitle the party requesting such charge to have the action of the trial judge in refusing or modifying the same reviewed." Not so with the trial amendment. The filing is the thing which makes it a court paper in the case. True, the filing is a ministerial act, and we do not say that evidence aliunde offered in the trial court might not in a proper case supply the deficiency of the clerk's indorsement, but in this case no such evidence was suggested. We

therefore will treat the case as tried on the defendant's second amended answer, which, as far as applicable to the requested issue, was a general denial.

■ The only issue submitted to the jury as to the agreement was as follows: "Do you find from a preponderance of the evidence that on or about February 13, 1932, that defendant Northwest Motors, acting through its vice president Boone, told plaintiff C. B. Muirhead that after that date Muirhead would be paid a weekly salary of $12.50 cash and a balance of $12.50 per week to be paid when defendant acquired a stock of new model Ford automobiles and began to sell said stock of automobiles to the general public, and when defendant began to get on a basis whereby it made a profit from its operations? Answer yes or no. Answer: Yes."

This was a submission as the contract was claimed by plaintiff to be.

The defendant offered much evidence to show that Boone's promise to Muirhead was that the balance of his future earnings would be paid when the capital losses of appellant had been regained.

This issue the defendant requested to be submitted as follows: "Do you find from a preponderance of the evidence that on or about February 12, 1932, Boone, Vice President of defendant corporation, told Muirhead that half of his salary would be withheld and retained by the defendant corporation and that the amount withheld and retained would be made up and paid to Muirhead at such time as the physical assets of the corporation was actually worth the capitalized stock of said corporation? Answer yes or no."

The trial court refused the request as above stated.

We think this was the presentation of a group of facts which, if true, would establish that the promise of appellant was not that sued upon by appellee, and, if found true by the jury, would not justify a judgment for appellee, for it was undisputed that such capital losses had not been recouped. True, the jury could not consistently have answered each issue "yes," and some inference may be argued that an affirmation of one is a negation of the other, but the right of such affirmative submission is too well settled to need elaboration from us. Greer v. Thaman (Tex. Com. App.) 55 S.W.(2d) 519, and cases there cited.

For the failure to submit the defensive theory of appellant, the judgment of the trial court is reversed, and the cause remanded.