DIXIE MOTOR COACH CORPORATION V. EUGENE GALVAN ET AL.

No. 6436.  Decided October 23, 1935.
(86 S. W., 2d Series, 633.)

*Hiram Brown,* of Mt. Pleasant, and *Leachman & Gardere,* of Dallas, for plaintiff in error.

Argument of plaintiff's counsel was improper. Security Union Ins. Co. v. Alsop, 1 S. W. (2d) 921; Dallas Ry. & Ter. Co. v. Curtis, 53 S. W. (2d) 85; West Texas Util. Co. v. Renner, 53 S. W. (2d) 451; Orchin v. Ft. Worth Poultry & Egg Co., 43 S. W. (2d) 308.

It was error for court to refuse to submit special issue that it was negligence on the part of Taylor not to slow down to a speed of 15 miles per hour in passing motorbus. Armour & Co. v. Morgan, 108 Texas, 417, 194 S. W., 942; Wichita Falls Trac. Co. v. Jeter, 48 S. W. (2d) 372, writ of error dismissed; Horton & Horton v. House (Com. App.), 29 S. W. (2d) 984.

Trial court should have submitted the element of new and independent cause. Miller v. Panhandle & S. F. Ry. Co., 35 S. W. (2d) 194; Waterman Lbr. Co. v. Beatty, 110 Texas, 225, 218 S. W., 363.

*Williams & Williams,* of Mt. Pleasant, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This was an action by defendants in error, Eugene Galvan and wife, against plaintiff in error, Dixie Motor Coach Corporation, and one Holly Taylor, for damages on account of the death of their son, Albert Galvan. Defendants in error recovered judgment in the district court against both of the defendants. Taylor did not appeal, and the Court of Civil

Appeals affirmed the judgment against plaintiff in error. 56 S. W. (2d) 268.

In view of the action we are taking it will not be necessary to make a full statement of the facts. It is undisputed that Albert Galvan was struck by a car driven by Holly Taylor and was killed. It is not claimed that he was struck by plaintiff in error's bus. The theory of defendants in error was that the bus, which was going west upon the highway, was running at an unlawful rate of speed, and when meeting the car driven by Taylor, who was going east at an unlawful speed, remained so near the center of the road as to force Taylor to leave the highway, and in so doing his car struck their son, who was standing on the south side of the highway. The findings of the jury supported this theory. There were various findings by the jury which convicted plaintiff in error and Holly Taylor of negligence, and findings that the various acts of negligence on the part of each of them were the proximate cause of the accident.

■ Taylor testified positively that he had already passed the bus when Albert Galvan struck, and that the accident was caused by deceased stepping in front of his car and not by reason of his being forced to leave the highway. The driver of the bus testified positively that he passed the car driven by Taylor some distance west of the place of the accident and before the boy was struck. Plaintiff in error requested several special issues which were intended to elicit a finding as to whether or not the negligent acts of Taylor were the sole proximate cause of the death of Albert Galvan. These issues were all refused. This was error. The issue of whether or not the acts of Taylor were the sole proximate cause of the death of the boy was clearly raised by the pleadings and the evidence. Plaintiff in error had a right to have this affirmative defense submitted to the jury, regardless of the answers which the jury might make to other issues. In numerous cases it has been held that the question of the right of a defendant to have an affirmative defense submitted must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found if the issue had been submitted to them. Montrief v. Bragg (Com. App.), 2 S. W. (2d) 276; Thurman v. Chandler, 125 Texas, 34, 81 S. W. (2d) 489; Green v. Thaman, 55 S. W. (2d) 519.

■ As the cause must be remanded it is unnecessary to pass

upon other assignments. They relate to matters which will not likely occur on another trial. We say, however, in passing, that most of the argument of counsel complained of was improper, but we need not determine whether the case should be reversed for this reason or not. We do wish to call attention generally to the matter of counsel in argument addressing individual jurors by name, and to say that such argument, as well as all other remarks suggestive of an intimate friendly relationship between counsel and jurors, should be scrupulously avoided.

■ On another trial the court should be careful to include in the definition of proximate cause the element of new and independent cause, with proper definition of that term. We are also of the opinion that out of an abundance of caution the court should submit the issue of unavoidable accident.

The judgments of the trial court and of the Court of Civil Appeals are set aside as to plaintiff in error, Dixie Motor Coach Corporation, and the cause is remanded. The judgment of the trial court as to Holly Taylor is of course undisturbed.

Opinion adopted by Supreme Court October 23, 1935.