## TEXAS COCA–COLA BOTTLING CO. v. WIMBERLEY.

### No. 1674.

Court of Civil Appeals of Texas. Eastland.
June 25, 1937.

Rehearing Denied Sept. 17, 1937.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

LESLIE, Chief Justice.

Floyd Wimberley instituted this suit against the. Texas Coca-Cola Bottling Company for damages alleged to have been sustained by him in drinking a bottle of Coca-Cola containing glass and negligently delivered in that condition by the defendant to a dealer to be sold to the public, etc.

Different grounds of negligence were alleged and the defendant answered by general denial, specially denied it bottled the Coca-Cola which plaintiff drank; denied that any bottle of Coca-Cola ever left its plant with glass or foreign substance therein. It further alleged that Coca-Cola is generally bottled and capped and that the caps could easily be removed by any one after the product left the factory and that foreign substance could thereby be placed therein; that the defendant exercised no care or control over the bottled product after it left the plant.

Various acts of contributory negligence were alleged and that the plaintiff put the glass in the bottle for the purpose of faking a cause of action against defendant.

Upon various issues submitted the jury found as follows: (1) That the plaintiff drank glass from a bottle of Coca-Cola at Perry's filling station; (2) that he was injured thereby in throat and stomach; (3) that the defendant bottled the Coca-Cola in question; (4) that the defendant sold and delivered to dealer (J. M. Perry) the bottle of Coca-Cola with glass in it; (5) that the defendant was negligent in permitting the glass to be in the bottle of Coca-Cola when it left the defendant's possession; (6) that such negligence was the proximate cause of plaintiff's injuries; (7) that the plaintiff was not guilty of contributory negligence; (8) that it was not plaintiff's purpose in drinking the Coca-Cola to fake a cause of action against the defendant; (9) that the plaintiff was damaged in the sum of $300.

In response to specially requested issues by the defendant the jury further found: (1) That plaintiff did not place the glass in the bottle; (2) that the glass was not put in said bottle by any party other than the defendant; (3) (a) that the plaintiff did not look to see whether glass or any other injurious substance was in the bottle before drinking it; (b) that such failure to look was not negligence on the part of the plaintiff.

Upon this verdict the trial court entered a judgment for the plaintiff for $300, and the defendant appeals.

The first assignment is that the trial court erred in refusing to sustain the defendant's objection to the submission of special issue No. 5 "for the reason that the same constitutes a submission to the jury of the general issue of negligence; when specific acts of negligence have been pleaded." Under the same statement is presented assignment No. 2, complaining of the court's refusal to sustain appellant's objection to the "court's charge in its entirety for the reason that the same is an attempt on the part of the court to predicate liability of this defendant on, a general issue of negligence. * * *"

The plaintiff alleged generally that it was the duty of the appellant to use ordinary care to see that the bottle in question did not contain anything that was unwholesome and unhealthy, and then specifically alleged negligence as follows: (a) "In bottling a bottle of coca-cola with broken glass therein and delivering the same to a

retail dealer to be sold to the public"; (b) "The defendant was negligent in failing to inspect and discover the broken glass in said bottle before same was placed on the market for sale to the public for human consumption." These acts of negligence were alleged to be the proximate cause, etc., of plaintiff's injuries.

Reliance for recovery was finally made on the grounds of negligence stated in section "(a)" above. It was submitted principally by issue No. 5, which alone is under attack by assignments 1 and 2 above. Issue No. 5 reads: "Do you find from a preponderance of the evidence that defendant was negligent in permitting glass to be in the bottle of coca-cola that plaintiff drank, if he did drink it, when it left the defendant's possession, if it did have glass in it?"

As noted, the first objection made to the issue is that it was an attempt "to submit the general issue of negligence" instead of the alleged "specific acts of negligence." The second objection is in substance the same, but is directed "to the charge of the court in its entirety."

■ A careful consideration of the issues submitted in the light of the pleadings and the verdict generally leads us to the conclusion that issue No. 5 was not a submission to the jury of "the general issue of negligence" as stated in the objection. It was the evident attempt to submit the specific ground of negligence alleged; namely, that the defendant was guilty of negligence in delivering a bottle of Coca-Cola with broken glass therein to a retail dealer to be sold by him to the public. We are constrained to hold that the issue shows to be, as stated, an effort to submit the specific ground alleged, and, while it may be a defective submission of such ground, it was not a submission of "the general issue of negligence," nor an attempt to submit negligence generally without regard for specific allegations thereof.

■ Further, the majority of this court are of the opinion that the objection to the issue is too general and fails to point out specificaly the vice, if any, in the manner and form in which the issue is submitted. Panhandle & S. F. Ry. Co. v. Brown (Tex.Civ.App.) 74 S.W.(2d) 531.

■ The second assignment is predicated upon objections to the charge (or issues) "in its entirety." This points out no specific vice in the issues and is overruled upon the authority of J. M. Radford Groc. Co. v. Andrews (Tex.Com.App.) 15 S.W.(2d) 218, and the Brown Case, supra.

■ It is true, all the specific grounds of negligence alleged by the plaintiff are not submitted, but the failure to submit such grounds is not error of which the defendant could complain under the authority of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517.

■ We do not believe that issue No. 5 is a comment on the weight of the evidence "in that same assumes" that the defendant permitted glass to be in the bottle as contended in assignment No. 3. In response to proper issues, the jury found that the defendant bottled a bottle of Coca-Cola from which the plaintiff drank glass; that the defendant sold and delivered the bottle of Coca-Cola to J. M. Perry with glass in it (issue No. 4); that the glass was not put in the bottle by "any party other than defendant"; and the jury answered in the affirmative said issue No. 5. Obviously the issue was conditionally submitted and unobjectionable in the light of the rule that the charge must be considered as a whole. Owen v. King (Tex.Civ.App.) 84 S.W.(2d) 743; Proctor v. Cisco & N. E. Ry. Co. (Tex.Com.App.) 277 S.W. 1047; Davis v. Christensen (Tex.Civ.App.) 247 S.W. 303, 308 (writ refused); McClung Const. Co. v. Muncy (Tex.Civ.App.) 65 S.W.(2d) 786, 793; 41 Tex.Jur. p. 1136.

■ Assignment No. 4 likewise makes an attack upon the submission of issue No. 5. The vice alleged by this assignment is that the issue "is too general and permits the jury, without restraint, to find anything negligence whether pleaded or proven." The proposition reads: "Appellant was entitled to have each specific ground of negligence charged against it and relied upon by appellee for recovery submitted separately, so that it might know of what default it was being convicted. * * *" As above stated, we do not think the issue was a submission of negligence generally, if such be the import of defendant's objection, and, if plaintiff waived all grounds of specifically alleged negligence but one, the defendant would not be harmed thereby. We do not think it is a case where the court has submitted issues of negligence in one general question. To do so would be reversible error. 41 Tex.Jur. p. 1094, § 270; Texas & N. O. Ry. Co. v. Crow, 121 Tex. 346, 48 S.W.(2d)

1106; Panhandle & S F. Ry. Co. v. Miller (Tex.Civ.App.) 44 S.W.(2d) 790.

■■ The trial court refused to submit defendant's specially requested issue E composed of two sections, as follows: (a) "Should plaintiff in the exercise of ordinary care have looked at said bottle of coca-cola before drinking same?" (b) "If you have answered the above question in the affirmative, then did such failure proximately contribute to cause plaintiff's injuries?" The proposition makes the point that the "Appellant was entitled to have any fact or group of facts raised by the pleadings and the evidence affirmatively * * * presented to the jury. * * *" This is the basis of the fifth assignment of error.

The court committed no error in the respect complained of. The issue was but a substantial duplication of one submitted by the court and specially requested by the defendant as issue No. C. In response to the different subdivisions of that issue the jury found that the plaintiff did not look to see whether the bottle contained glass or any other injurious substance when he started to drink therefrom; that such failure was not negligence on his part, etc. As said in Williams v. Rodocker (Tex.Civ. App.) 84 S.W.(2d) 556, where a case is submitted to a jury on special issues, the court is not required to submit an issue more than once, or to submit same issue affirmatively in two different forms. See 41 Tex.Jur. p. 1051, § 246.

■ We do not believe that the trial court erred in refusing to submit the defendant's specially requested issue No. N calling for a finding on unavoidable accident. In determining whether the issue of unavoidable accident is raised in a case the following rule is laid down in Dallas Ry. & Terminal Co. v. Darden, (Tex.Com.App.) 38 S.W.(2d) 777, 779, as a guidance: "In order to determine whether such issue is involved, the facts of each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law." This rule is quoted with approval in International-Great Northern Ry. Co. v. Lucas (Tex.Com.App.) 99 S.W.(2d) 297, 301, and followed in Orange & N. W. Ry. Co. v. Harris, 127 Tex. 13, 89 S.W.(2d) 973; Thurman v. Chandler, 125 Tex. 34, 81 S.W.(2d) 489, and Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.(2d) 944, 951, 97 A.L.R. 1513.

In the Lucas Case the court held that "The issue of unavoidable accident is not raised in this case, for the reason that there is no testimony to show that the accident would have happened as it did, even if both Lucas and the company were exercising due care."

■ In the case of Magnolia Coca Cola Bottling Co. v. Jordan, supra, it is said:

"The issue of unavoidable accident is not raised when there is no evidence tending to prove that the injuries resulted from some cause other than the negligence of one of the parties. Boyles v. McClure (Tex.Com.App.) 243 S.W. 1080. There is no evidence from which it can reasonably be inferred that the injury to Mrs. Jordan was caused by anything other than her own negligence in driving her automobile into the parked automobile, or the negligence of the driver of plaintiff in, error's truck in striking Mrs. Jordan's automobile. If the jury had answered that the injury was the result of an unavoidable accident its finding would have been supported by nothing stronger than surmise or suspicion.

"In Dallas Ry. & Terminal Co. v. Garrison (Tex.Com.App.) 45 S.W.(2d) 185, the issue of unavoidable accident was presented by evidence that the *street was rough* and that the plaintiff's automobile skidded." (Italics ours.)

■ In Greer v. Thaman et al. (Tex. Com.App.) 55 S.W.(2d) 519, 520, Judge Critz for the Supreme Court, in discussing the nature of testimony presenting an issue of unavoidable accident, said:

"The evidence further tends to show that on the occasion of this event it was raining, and the road narrow and the shoulders thereof soft and easy to cave. The evidence further tends to show that neither Mrs. Thaman, Greer, nor the driver were guilty of any acts of negligence. The evidence then tends to show that just before the accident the bus was traveling along the right-hand side of the road, barely moving; that three cars were approaching on the same road coming from an opposite direction; that the first of such cars was coming around a bend in the road, and was running pretty fast; that it was night, and the lights of the three approaching cars bright and blinding;

that, on account of such conditions, the driver of the bus pulled over on the side of the road, and stopped, or almost stopped, with his right front wheel near the edge thereof; and that at this instant the ground under such wheel gave way, and thereby caused the right wheels of the bus to slip or roll into the ditch, causing such bus to turn on its side in the ditch.

"We think the other evidence above stated, together with the evidence as to the caving of the ground under the wheel of the bus, raises the issue of unavoidable accident."

Applying the rule of law thus stated to the testimony in the instant case, we conclude that the issue of unavoidable accident is not raised. There is no evidence of unavoidable accident in the record entitling the defendant to the issue requested, and we so conclude in the light of the further rule stated by Judge Critz in Greer v. Thaman, supra, to the effect that the defendant has the right to demand the submission of his defenses as raised by the evidence according to the state thereof before, and not after, it is interpreted by the jury.

The defendant's theory of unavoidable accident is built upon nothing more than speculation or conjecture.

By assignments 8 and 9 it is insisted that the court erred in failing to sustain the defendant's objection to the court's main charge because the definition of proximate cause omitted the element of new and independent cause and in failing to grant defendant's specially requested issue calling for a finding on new and independent cause.

We recognize, as stated in Southern Ice & Utilities Co. v. Richardson (Tex.Com. App.) 95 S.W.(2d) 956, 957 that "where the issue is raised as to whether some new independent cause intervened between defendant's alleged negligent acts and the injury, it is reversible error for the court not to give a definition of proximate cause embodying the term, new independent cause, or a similar term, together with a definition of same."

But in the instant case there is no testimony raising the issue of new and independent cause. It was, therefore, unnecessary for the court to include the term in the definition of proximate cause, etc. Greer v. Thaman (Tex.Com.App.) 55 S.W. (2d) 519, 521; Orange & N. W. Ry. Co. v.

Harris, 127 Tex. 13, 89 S.W.(2d) 973; Gulf States Utilities Co. v. Wuenscher (Tex.Civ.App.) 72 S.W.(2d) 682.

We think the court committed no error in refusing to instruct a verdict in favor of the defendant. The evidence raised the issue of negligence according to the standard as set forth in such cases as Texas Coca-Cola Bottling Co. v. Kubena (Tex.Civ.App.) 90 S.W.(2d) 605; Coca-Cola Bottling Co. of Fort Worth v. Smith (Tex.Civ.App.) 97 S.W.(2d) 761; Dunn v. Texas Coca-Cola Bottling Co. (Tex.Civ.App.) 84 S.W.(2d) 545.

For the reasons assigned the judgment of the trial court is affirmed.