## FLEMING'S FRATERNAL UNDERTAKING CO. v. QUARRELS.

### No. 3304.

Court of Civil Appeals of Texas. Beaumont.

May 12, 1938.

Lightfoot, Robertson & Gano, of Fort Worth, and W. R. Blain, of Beaumont, for plaintiff in error.

W. Tom Kenna, of Beaumont, and Homer E. Stephenson, of Houston, for defendant in error.

WALKER, Chief Justice.

This suit was brought by appellee, W. D. Quarrels, defendant in error, against appellant, Fleming's Fraternal Undertaking Company, a corporation, plaintiff in error, for the damages sustained by him on the 31st day of August, 1936, in a collision at the intersection of Calder and Magnolia Avenues in the City of Beaumont, between his truck, operated by him, and an ambulance owned and operated by appellant. The jury awarded him $2,150.00 for his personal injuries and $350.00 as damages to his truck. Answering special issues, the jury convicted appellant of the following acts, as occurring at the time of the collision, each act constituting negligence and

a proximate cause of the collision, plead by appellee as a basis of his cause of action: (a) Appellant was operating its ambulance at a rate of speed of forty-five (45) miles per hour; (b) appellant failed to keep "a proper lookout"; (c) appellant could have changed the course of its ambulance so as to avoid the collision, but it failed to turn its ambulance and to change its course; (d) appellant failed "to retard" the speed of its ambulance before the collision.

On the issues of contributory negligence, plead specially by appellant as an element of its defenses, the jury found: (a) At the time of the collision appellee was driving his truck at a rate of speed of twenty (20) miles per hour, and the rate of speed was not negligence; (b) appellee was keeping "a proper lookout at the time of the collision"; (c) just prior to the collision appellant was blowing the siren on its automobile, but appellee did not hear the siren before the collision, and his failure to hear it was not negligence; (d) immediately prior to the collision appellee did not fail "to change the course of direction of his truck."

From the judgment in appellee's favor for the amount of damages assessed by the jury, appellant has duly prosecuted his appeal to this court.

The court gave in charge to the jury the following definition of proximate cause: "Proximate cause as used in this charge means a cause without which the injuries complained of would not happen, and from which, such injuries or some like injuries might reasonably be anticipated as a natural and probable consequence, by a person of ordinary care and prudence. There may be more than one 'proximate cause' of an event." To that definition, appellant reserved the following exception: "The defendant objects and excepts to the court's definition of 'proximate cause' for the reason that the court fails to instruct the jury in connection therewith that a new and independent cause might and could intervene therein."

Appellant duly requested the court to submit to the jury the following issue on "unavoidable accident": "Do you find from a preponderance of the evidence that the collision in question was not the result of an unavoidable accident? Answer 'yes' or 'no'." The issues brought forward by these assignments were raised by the evidence. Calder Avenue, about fifty (50) feet

wide, running east and west, intersects, at right angles, Magnolia Avenue, about fifty (50) feet wide, running north and south, in the City of Beaumont. At the time of the collision street car tracks occupied both of these streets, near the center of the streets; a street car on Calder Avenue had stopped immediately east of the intersection, and a street car on Magnolia Avenue had stopped immediately north of the intersection. In the northwest corner of the intersection was a drug store, obscuring the view of one driving east on Calder Avenue from one driving south on Magnolia Avenue, and obscuring the view of one driving south on Magnolia Avenue from one driving east on Calder Avenue. The collision occurred at night. Immediately prior to the collision, appellee was driving his truck east on the right-hand side of Calder Avenue, and he entered the intersection without blowing his horn or applying his brakes. Appellant's ambulance was on an emergency call and was being driven on Magnolia Avenue after the police department had been notified. It blew its siren from the time it left the garage until the collision. The motormen on the street cars heard the siren and stopped their cars, and all the traffic on Magnolia Avenue parked next to the curb to give the right of way to the ambulance. The ambulance drove into the intersection, between the street car and the automobiles parked next to the curbing on the western side of Magnolia Avenue. Under the evidence, appellee was the only person using the streets who did not yield the right of way to the ambulance; under the City ordinances the right of way belonged to the ambulance, and its driver had the right to believe that those using the streets would yield it the right of way. Though the jury found that appellant drove its ambulance into the side of appellee's truck, all of its witnesses testified that appellee drove his truck into the side of the ambulance. Though the jury found that appellant was driving its ambulance at forty-five (45) miles per hour, under its evidence it was driving it not more than twenty (20) miles per hour, and had checked its speed in order to pass the intersection safely. The street car, the parked automobiles, and the drug store, raised the issue of "new and independent cause," and the court should have included that issue in its definition of proximate cause. Southland Greyhound Lines, Inc., v. Cotten, 126 Tex. 596, 91 S.W.2d 326.

■ The quoted testimony also raised the issue of "unavoidable accident." Under the testimony the jury could have found, and its verdict would have had clear support, that the collision occurred without fault or negligence on the part of either appellant or appellee; and it could have found that but for the location of the drug store, appellee would have heard appellant's siren and avoided the collision, and that appellant's driver could have seen appellee's truck in time to avoid the collision. In Dallas Ry. & Terminal Co. v. Garrison, 45 S.W.2d 183, Judge Leddy writing the opinion for the Commission of Appeals, it is said (page 184): "If the issues of negligence of the plaintiff in error's motorman in operating the street car and of Garrison in driving the automobile, as well as that of unavoidable accident, had all been submitted to the jury, and it had found that neither the operator of the street car nor the driver of the automobile was negligent, but that the injury complained of was occasioned by an unavoidable accident, could it be said that there was sufficient evidence in the record to sustain each of such findings? If this question can be answered in the affirmative, then it follows that the trial court was in error in refusing to submit the issue." In Greer v. Thaman, Tex.Com. App., 55 S.W.2d 519, Mrs. Thaman was the plaintiff in the trial court, Greer was the owner of the bus; the plaintiff was injured when the bus turned over. Judge Critz, writing the opinion for the Commission of Appeals, said (page 520): "The evidence further tends to show that neither Mrs. Thaman, Greer, nor the driver were guilty of any act of negligence"; this fact, coupled with the condition of the shoulders on the side of the road, raised the issue of unavoidable accident. See, also, Orange & N. W. Ry. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973. The fact in this case that the jury could have found that neither party was guilty of negligence, and that but for the location of the drug store, the collision would not have happened, raised the issue of unavoidable accident.

■ The evidence raised the issues requested by appellant that the failure of appellee to sound his horn as he approached the intersection, and that his failure in this respect was negligence and a proximate cause of the collision should have been submitted to the jury. The intersection was crowded with traffic. It was night. No

street light was burning over the intersection. Appellee could not see to his left down Magnolia Avenue as he entered the intersection. These facts raised against him common law negligence in failing to sound his horn.

On appellee's exception the trial court struck the following special defense plead by appellant: "And alleges in that connection that this defendant had the right-of-way in that it was operating an ambulance under due and proper authority and was at the time going on an emergency call, and was blowing its ambulance siren as a warning to drivers of other vehicles, that it was proceeding upon an emergency call and at such time had secured proper permission of the police authorities of the City of Beaumont to so proceed on such emergency call." This ruling was not error; the facts thus alleged were put in evidence by appellant under its plea of general denial.

The evidence did not raise against appellee the issue submitted by the following requested issue: "Do you find from a preponderance of the evidence that the plaintiff did not have his brakes on his said truck in proper condition? Answer 'yes' or 'no'."

For errors discussed the judgment of the lower court is reversed and the cause remanded for a new trial.