**HOLLAND et ux. v. DE LEON.**

No. 10338.

Court of Civil Appeals of Texas.
San Antonio.

June 15, 1938.

Rehearing Denied June 29, 1938.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellants.

H. L. Dillashaw and P. H. Long, both of San Antonio, for appellee.

SMITH, Chief Justice.

In a collision between two motor vehicles driven, respectively, by Mrs. W. C. Holland and Vincent L. Curl, James S. De Leon, a guest passenger in Curl's car. was seriously injured, and brought suit and recovered of Mrs. Holland in the sum of $6000. Mrs. Holland, joined by her husband, has appealed.

The record shows that both cars were proceeding in the same direction along Broadway in the City of San Antonio; that Mrs. Holland, intending to cross over and stop at a service station on her left side of the street, maneuvered her car, gradually, from right to left to near the center of the street; that as she was making the turn from that point, Curl undertook to pass her on her left, and the collision resulted. As usual, both parties, and both partisan camps, gave widely differing versions of the facts and circumstances of the accident and its causes, shifting the fault according to the bias of the several witnesses. We do not assume to sit in judgment upon the conduct or conscience of the parties, or witnesses, or to question their sincerity of

purpose; these conflicts are not always inconsistent with good faith. The case made was one of fact, purely.

■ It is appropriate to keep in mind the fact that appellee was a guest passenger in the rear seat of the car driven by Curl, and the evidence is such as to exonerate him, as a matter of law, from any negligence. Likewise, as a matter of law, no negligence of Curl, the driver, may be imputed to appellee. His case may be defeated by an act of Curl only where such act was the sole proximate cause of appellee's injury, and it need not be a negligent act in order to defeat recovery.

The jury found appellant to have been negligent in several particulars and then found that the collision was the result of an unavoidable accident. Upon appellee's motion, however, the court disregarded the latter finding, on the theory that it had no support in the evidence, and rendered judgment for appellee, notwithstanding that finding. This ruling is the subject of appellant's first and second propositions of law, which, under the authorities, must be sustained.

■ It is true, of course, that if appellee's injuries resulted from an unavoidable accident he was not entitled to recover. Consequently, if the evidence was such as to make an issue, the jury finding establishing the fact was binding upon all courts, and must be given effect. We are of the opinion that the evidence raised the issue.

■ It is elemental that an accident may be held unavoidable only in cases where it does not proximately result from the negligence of either party to it; if either party is guilty of negligence, and such negligence is the proximate cause of the accident, then it is not an unavoidable one. Merritt v. Phoenix Ref. Co., Tex.Civ.App., 103 S.W. 2d 415, and authorities.

■ Now, in this case, appellee, certainly, was guilty of no negligence; he was a back-seat passenger, but not a back-seat driver, from the obligations and duties of which thankless and hazardous position he was excused by the circumstances of the case.

If the testimony of Curl, the driver of the car in which appellee was a passenger, and that of his partisans, may be believed, he, also, was free of negligence. On the other hand, it is equally true that if the testimony of appellant and her supporting witnesses may be credited, then she, too, was free of negligence. She testified that, desiring to stop at a service station across the 100-foot street, she gradually maneuvered her car over to near the center of the street, looked through her rear-view mirror to ascertain if any cars were coming up from the rear, saw none, started the planned turn, and was struck by Curl's car as he tried to run past her, to her left, without warning of his approach or purpose; that she was moving slowing, and properly signaled with her hand to show her purpose to turn left, and undertook the turn without any knowledge of the proximity of Curl's car. If this testimony was true—and it seems perfectly reasonable—then appellant was not guilty of negligence, and appellee and his driver being likewise free of negligence, we have an unavoidable accident, as the jury found. The trial court erred in disregarding that finding, and rendering judgment in the face of it. We sustain appellant's first and second propositions.

■ Numerous other questions are presented in the appeal, but we see no useful purpose to be served in discussing them at length at this time. Appellant's assignments questioning the sufficiency of the evidence to support the several findings of her negligence show no error, for the evidence on those issues is deemed sufficient.

■ The question of sole proximate cause is clearly in the case, in several particulars, some of which were submitted to the jury, while others were withheld, according to appellant's contentions. It is not necessary to pass on the several propositions propounded by appellant with reference to this aspect of the case, in view of another trial. It is deemed sufficient to say, generally, that whenever the pleadings and evidence raise issues of sole proximate cause, negligently or otherwise induced by a third party, or by any extraneous happening, it becomes the duty of the trial judge to submit such issues to the jury (Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276) under appropriate instructions, including an instruction that there can be only one sole proximate cause of an event. Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellee has filed a vigorous motion for rehearing, insisting that the evidence was

insufficient to raise the issue of unavoidable accident, or to support the jury finding that the collision was the result of an unavoidable accident. We have very carefully reviewed the record, and adhere to the original holding, which is fortified by the very recent decisions reported in Gulf Ry. Co. v. Irick, Tex.Civ.App., 116 S.W.2d 1099; Fleming's Undertaking Co. v. Quarrels, Tex.Civ.App., 116 S.W.2d 1160.