GEORGE C. VAUGHAN & SONS, Appellants,

v.

W. L. DYESS et al., Appellees.

No. 7097.

Court of Civil Appeals of Texas.

Texarkana.

March 24, 1959.

Rehearing Denied April 21, 1959.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius, Thomas A. Brown, Jr., Houston, for appellant.

James L. Read, Baker, Botts, Andrews & Shepherd, George E. Pletcher, Albert P. Jones, Helm, Jones, McDermott & Pletcher, Houston, for appellees.

DAVIS, Justice.

W. L. Dyess, plaintiff-appellee, sued George C. Vaughan & Sons, a corporation, appellant-defendant, for personal injuries alleged to have been sustained at appellant's place of business as a result of falling from a wooden scaffold built by appellant's employees when a 2 x 4 piece of lumber used in such scaffold broke under the weight of appellee. National Automobile & Casualty Insurance Company intervened in the suit to recover the amounts expended by it under a policy of workmen's compensation insurance issued to Houston Blow Pipe & Sheet Metal Works and insuring appellee under the terms of provisions of the Workmen's Compensation Act of the State of Texas, Vernon's Ann. Civ.St. art. 8306 et seq.

Issue was joined and trial was to a jury. The jury found the accident to have been caused by the negligence of appellant and assessed appellee's damages against appellant at $75,000. Judgment was entered by the trial court in favor of appellee in the sum of $66,390.62, and for intervenor in the sum of $8,609.38.

Appellant's amended motion for new trial was timely filed, duly presented, and overruled by the trial court; hence the appeal.

Appellant brings forward four points of error. By its first point it complains of the action of the trial court in refusing to grant a new trial because of alleged misconduct of various jurors in (1) discussing the amount of attorney's fees to be paid by appellee; (2) in discussing medical expenses to be incurred by appellee in the future when such were not included in the charge submitted by the court and no evidence of such future medical expenses was offered by appellee; (3) in relating their experiences with similar injuries occurring to them; and (4) in discussing the fact that the court could make a reduction of their award of damages if it were excessive. Issue was joined on these allegations and a full-blown hearing was had before the court.

Appellant quotes extensively from affidavits secured from several jurors prior to the hearing. These affidavits were attached to its amended motion for new trial as the basis therefor, but were not offered in evidence and do not actually constitute evidence of the alleged misconduct. Each of the five jurors who signed affidavits testified on the motion for new trial. There are material conflicts between the testimony

of the juror witnesses and the affidavits signed by them. It would unduly and unnecessarily lengthen this opinion to quote the affidavits and testimony and point out the conflicts. Three other jurors testified on the motion for new trial and their testimony in many instances directly contradicts the affidavits, and in many instances conflict with the affidavits.

It is undisputed that the matter of attorney's fees was mentioned in the jury room during the course of deliberations, but a careful examination of the statement of facts reveals that the name of the person who mentioned attorney's fees could not be recalled by any of the jurors. Each of the eight jurors who testified on the motion for rehearing seemed to be in agreement that very briefly after the question of attorney's fees was mentioned, the foreman of the jury admonished the entire jury that the question of attorney's fees was not contained within the charge and could not be considered. The matter was immediately dropped and was not further discussed. The same is true relative to the other issues raised on motion for new trial.

Relative to the experiences of some of the jurors, the testimony is conflicting as to whether or not these matters were mentioned before or after the jury had finally completed their deliberations. Too, counsel for appellant elicited from two of the jurors the fact that they had sustained similar injuries in the past, and then accepted these persons on the jury. These matters were in evidence before the remaining jurors before they went to the jury room. At first one of these jurors thought a lesser sum than that finally awarded by the jury would be sufficient for appellee's damages. There is no showing in the record that these similar experiences in any manner affected either of the jurors or influenced them in agreeing to the final verdict.

■ The trial court heard eight of the jurors testify as to what actually trans- pired in the jury room, then overruled the motion for new trial. No findings of fact or conclusions of law were requested or filed by the trial court on the motion for rehearing. The evidence is sufficient to support the implied finding of the trial court that the alleged misconduct either did not occur, or that it did not influence either of the jurors in agreeing to the verdict on each and every issue submitted in the charge.

■ Appellant admits that where there is a conflict in evidence as to whether or not misconduct occurred, the question for determination is one of fact and the decision of the trial court is final. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Travelers Ins. Co. v. Carter, Tex.Civ. App., 298 S.W.2d 231, wr. ref., n. r. e. Appellant also admits that when a motion for new trial is made on the ground of jury misconduct, and such motion is denied, and no findings of the trial court are made, the law requires the appellate courts to consider the testimony in the most favorable light susceptible from the standpoint of the appellees. Texas Employers Ins. Ass'n v. Garza, Tex.Civ.App., 308 S.W.2d 521, wr. ref., n. r. e.

■ Appellant bases its argument under this point on the following statement: "However, the record here shows that there was no evidence upon which the trial court could base a finding that the acts complained of did not occur." The appellant has not raised either the question of "no evidence" or "insufficient evidence" as a basis for the point of error assigned. Under the point as raised, it was incumbent upon appellant to not only show that the misconduct occurred, but also that harm probably resulted therefrom. This it failed to do. Rule 327, Vernon's Ann.Tex. Rules of Civil Procedure; Mrs. Baird's Bread Co. v. Hearne, Tex., 300 S.W.2d 646. Point 1 is overruled.

By Point 2, appellant conplains of the action of the trial court in refusing to grant a new trial because the jury verdict is gross-

ly excessive, is not supported by the evidence, and is so excessive as to show the jury was influenced by passion and prejudice. By Point 3 it complains of the action of the trial court in refusing to grant a new trial because the answer of the jury on the issue of liability of the appellant shows that the verdict should be set aside because it is tainted with bias and prejudice and is so against the great weight and overwhelming preponderance of the evidence as to be manifestly wrong. By Point 4, it complains of the action of the trial court because the jury verdict is excessive. Under these points, we have examined the record as a whole which reveals that: the accident made the basis of this suit occurred on March 7, 1955. At the time of the injury appellee was 42 years of age. At the time of the trial (January 22, 1958), it was stipulated that a man 44 years of age had a normal life expectancy of 25.04 years and a working life expectancy of 19.06 years. Prior to 1951 appellee lived and farmed in Alabama. He came to Houston in 1951 and went to work as a sheet metal worker and from 1951 on, his work had been in the sheet metal trade and he had been employed by Houston Blow Pipe & Sheet Metal Works from January of 1951 until December of 1955. He was working as a helper of this concern at the time of the accident and his rate of pay was $1.40 per hour, and he earned an average of $60 per week. He was upon a scaffold built by appellant which broke and he fell a distance of from 4 to 14 feet, striking a piece of machinery, and then fell an additional distance of about 4 feet, striking the floor. He was knocked unconscious, sustained some lacerations about the head and body, fractures to two transverse processes in the lumbar spine. For six weeks he remained under the care of doctors and was permitted to return to light work after some six or seven weeks. While being treated he was given heat treatments and pain tablets. He returned to work for Houston Blow Pipe & Sheet Metal Works where he remained until December, 1955, when he had to quit because he was given work that was too heavy. He could lift anything from 25 to 30 pounds without causing much additional pain to his back. Prior to the accident, he had never suffered any pain to his back, but after the accident he suffered continuous pain which was more severe at times and radiated down his left leg. This was probably caused by a ruptured disc revealed by myleogram and X-rays. A doctor testified at the trial that where a person has had trouble with his back for a period of two-and-a-half years, it would indicate a permanent situation regardless of the degree of injury. The doctor further testified that it takes a rather severe injury to fracture the transverse processes of the spine.

After appellee left the employment of Houston Blow Pipe & Sheet Metal Works he worked for a time for Tube & Fin Coil Company (there was no heavy lifting), and he worked there until the latter part of August, 1956. He left Tube & Fin Coil Company because the work played out and he has not been able to find a job of any type of work he can do since then. Appellee had sustained no injuries either before or after the accident which is the basis of damages, pain and suffering. He has seen many doctors as a result of the injury sued upon and followed their instructions and treatment as best he could. At the time of the trial he still wore a brace that had been prescribed for him and he had to sleep on a special felted mattress on a plyboard without any springs.

In a trial in a suit for workmen's compensation insurance in a United States District Court in Houston, a jury found appellee to be totally and permanently disabled.

Much has been written on the question of excessive verdicts. A study and comparison of many cases presents a rather amusing variety of thinking from which there can be only one conclusion. Each case must rest upon its own state of facts and then hazard the opinion of those who are called upon to evaluate the damages, including the pain and suffering. There has never been a fixed measure by which

damages for pain and suffering can be gauged with any degree of certainty. Actually, the measure of damages in each case is a matter of opinion of the person or persons whose duty it becomes to fix those damages. Courts in most instances have always been reluctant to disturb the findings of a court or jury on such matters where there is any evidence to support it. In this case, 24 jurors and two trial judges have found the appellee's injuries to be severe and permanent. The measure of damages in the workmen's compensation case was fixed by law. In this case, it was fixed by the jury and when we view the record as a whole, it would be purely a guess on our part to find the verdict excessive. Many of the cases cited by appellant in support of its contention were at a time when our present inflated dollar had a much greater value. With the present cost of living and dollar value, coupled with the showing in the record as a whole in this case, we are unable to say that the verdict was excessive. The cases are legion that support our position. Some of the many cases, with the amount of the judgment set out in parentheses after each case, are as follows: Green v. Rudsenske, Tex.Civ.App., 320 S.W.2d 228 ($48,668.95); Phoenix Refining Co. v. Tips, Tex.Civ.App., 66 S.W.2d 396, reversed on other grounds, 125 Tex. 69, 81 S.W.2d 60 ($6,000); Missouri-Kansas-Texas Ry. Co. of Texas v. Waddles, Tex.Civ.App., 203 S.W.2d 350, n. w. h. ($4,000); Coca Cola Bottling Co. of Fort Worth v. McAlister, Tex.Civ.App., 256 S.W.2d 654, n. w. h. ($500); Port Terminal R. Ass'n v. Noland, Tex.Civ.App., 288 S.W.2d 276, wr. ref., n. r. e. ($79,400); Missouri Pac. R. Co. v. Rhoden, Tex.Civ. App., 310 S.W.2d 607, n. w. h. ($75,000); Thompson v. Barnes, Tex.Civ.App., 236 S.W.2d 656, n. w. h. ($85,000); Thompson, Trustee, v. Robbins, Tex.Civ.App., 297 S.W. 2d 247, affirmed Tex., 304 S.W.2d 111 ($75,000); Louisiana & Arkansas Ry. Co. v. Robinson, Tex.Civ.App., 302 S.W.2d 665, wr. ref., n. r. e.; Certiorari denied, 355 U.S. 959, 78 S.Ct. 537, 2 L.Ed.2d 534 ($100,000); Smith & Conklin Bros. v. Griffith, Tex.Civ.App., 260 S.W.2d 705, affirmed 153 Tex. 341, 268 S.W.2d 124 ($75,000); Miller v. Permenter, Tex.Civ.App., 234 S.W.2d 459, wr. ref., n. r. e. ($71,800); Industrial Fabricating Co. v. Christopher, Tex.Civ.App., 220 S.W.2d 281, wr. ref., n. r. e. ($76,750); Houston Belt & Terminal Ry. Co. v. Burmester, Tex.Civ.App., 309 S.W.2d 271, wr. ref., n. r. e. ($120,000); Allbritton v. SunRay Oil Corp., D.C., 88 F.Supp. 54 ($125,000); Texas Mexican R. Co. v. Bunn, Tex.Civ.App., 264 S.W.2d 518, wr. ref., n. r. e. ($82,200); Porter v. Puryear, Tex.Civ.App., 258 S.W.2d 182, reversed 153 Tex. 82, 262 S.W.2d 933; 153 Tex. 82, 264 S.W.2d 689; Tex.Civ.App., 278 S.W.2d 595, wr. ref., n. r. e. ($134,860); City of Fort Worth v. Barlow, Tex.Civ. App., 313 S.W.2d 906, wr. ref., n. r. e. ($240,760); Lantex Construction Co. v. Lejsal, Tex.Civ.App., 315 S.W.2d 177, n. w. h. ($70,000).

Some cases in foreign jurisdictions and the amounts awarded and permitted to stand are: Heavy Haulers Inc. v. Jones, Okl., 304 P.2d 292 ($135,000); Lebeck v. Wm. A. Jarvis, Inc., 3 Cir., 250 F.2d 285 ($350,000); Hubbard v. Long Island R. Co., D.C., 152 F.Supp. 1 ($226,000); Union Pacific R. Co. v. Johnson, 9 Cir., 249 F.2d 674 ($225,000); Eramdjian v. Interstate Bakery Corp., 153 Cal.App.2d 590, 315 P.2d 19 ($200,000); Seaboard Air Line R. Co. v. Braddock, Fla., 80 So.2d 662, affirmed Fla., 96 So.2d 127 ($187,411); Turner Construction Co. v. Houlihan, 1 Cir., 240 F.2d 435 ($150,000); Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897 ($125,000); Chicago R. I. & P. R. Co. v. Wright, Okl., 278 P.2d 830 ($100,000).

The foregoing authorities support our holding in this matter and appellant's Points 2, 3 and 4 are overruled.

We are indebted to counsel for both sides of this case for excellent briefs.

Finding no error in the record, the judgment of the trial court is affirmed.