**VIKING CONSTRUCTION COMPANY et al., Appellants,**

v.

**Joe BEAIRD, Appellee.**

No. 7183.

Court of Civil Appeals of Texas.

Texarkana.

June 7 and 28, 1960.

Rehearing Denied July 12, 1960.

McAlister & Benchoff, Ralph McAlister, Edmund Benchoff, Nacogdoches, Fulbright, Crooker, Freeman, Bates & Jaworski, Thomas M. Sewell, Jr., S. G. Kolius, Houston, for appellant.

Collins, Garrison, Renfrow & Zeleskey, Henry Rogers, Lufkin, Fulmer, Fairchild, Badders, R. W. Fairchild, Nacogdoches, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Joe Beaird, hereinafter referred to as Beaird, sued defendants-appellants, Viking Construction Company, hereinafter referred to as Viking, and Alex Mayfield hereinafter referred to as Mayfield, an employee of Viking, for personal injuries sustained on August 9, 1955, when an automobile in which Beaird was riding along U. S. Highway 59 in Nacogdoches County was in a collision with a truck belonging to Viking and being operated by Mayfield.

Liberty Mutual Insurance Company, as intervenor, intervened in the suit seeking to recover from Viking and Mayfield the amount of Workmen's Compensation it had paid to appellee Beaird.

The case came on for trial before a jury in the District Court of Nacogdoches County on September 16, 1958. The jury found that the accident was caused by the negligence of appellant Mayfield, an employee of appellant Viking, and without any negligence on the part of appellee Beaird. The jury found that Beaird had suffered damages for the loss of his earning capacity, pain and suffering, and future medical expenses in the sum of $171,200. It was stipulated in the trial that Beaird had suffered damages in the sum of $2,948.95 for past medical expenses, and the sum of $1,450 for damages to his automobile. The jury found such damages to exist. Beaird was 46 years and 9 months old at the time of the accident, with a life expectancy of 23.08 years.

According to the evidence Mayfield was operating the truck of Viking on the left hand side of the highway at the time of the collision. He struck Beaird's car and caused it to spin around and stop on Mayfield's right hand side of the highway. The truck went rolling on up the highway and across the ditch and stopped upon the bank. In the collision, Beaird suffered many injuries. He suffered an injury to his head, a broken collar bone, seven fractured ribs, an injury to the 5th lumbar vertebra, multiple fractures of pelvis, dislocation of both hips with a piece of ball and piece of rim of the acetabulum of the right hip chipped off, lacerations about the knees, and multiple bruises. The injury to his head caused a concussion. Beaird lost any memory of the injury in the collision. He was in a state of shock for several days.

As a result of the injury to Beaird's chest, he had an attack of bronchial pneumonia. The fractures of his pelvis finally healed, but the chipped off rim of the right acetabulum did not heal. This caused the Doctor in Nacogdoches to refer Beaird to an orthopedist in Houston.

Beaird was confined to the hospital in Nacogdoches for about sixty days. He was sent home with a hospital bed, and remained in bed for thirty days and returned to the hospital. Upon his return to the hospital he was confined for another two weeks. During the time he was in the hospital, he suffered a lot of pain. He has also continued to suffer pain until the time of the trial.

After he returned home from the hospital in Nacogdoches he was referred to Dr. Ed Smith, an orthopedic surgeon of Houston, Texas. There the doctor made a history and an examination of Beaird and recommended surgery to the right hip. In the surgery he removed the right hip joint, and through a grinding process ground down the ball on the hip joint so as to fit a metallic cup over the ball. Then, with a further grinding process he ground out the cup in the hip joint so that the metallic cup would fit into the joint. Beaird was in the hospital in Houston for about thirty days and returned home for further improvement. We might point out that the wife of Beaird is a nurse and undoubtedly rendered all the assistance that she could to his recovery.

The last time that Dr. Smith saw Beaird was September 4, 1956, at which time he felt like the operation had been successful. But as time went on, there was a slip-

ping of the joint of the right hip from one-half to three-quarters of an inch. When Beaird would stand up on the hip the ball would insert itself in the hip joint. But when he would begin to walk or move around, on each step that he took it would fall down, and when he stepped back upon it, it would replace itself. This causes severe pain. He was seen by Dr. Caldwell, an orthopedist from Shreveport, Louisiana, who testified in the case along with Dr. Bell, the doctor in Nacogdoches. Both Dr. Caldwell and Dr. Bell testified that in their opinion Beaird was totally and permanently injured and would be for the rest of his life. They both testified that in their opinion that his injuries were still causing him pain and would continue to do so. Dr. Caldwell testified that it was possible to do another operation and remove the ball from the head of the hip joint and drive a pin into the marrow of the bone with another ball upon it. Or, they could do an operation and a fusion in the hip joint and the joint would be permanently stiff, and this would reduce the pain.

At the time of the collision, Beaird was employed by Perry Brothers in Lufkin, Texas, as a master decorator and baker at a salary of $90 per week, plus three meals per day. His trousers, shirts, aprons, caps and laundry were furnished. This would be equal to a weekly compensation of about $135.00 per week. At the time of the collision he was on his way to Nacogdoches to get some pans to bake a cake for a wedding.

On October 25, 1958, the trial judge entered a judgment for the amount of damages as found by the jury, and the appellants have perfected their appeal and bring forward fourteen points of error.

■ By point one appellants complain of the action of the trial court in refusing to grant a new trial because of certain argument by counsel for the appellee, and contend that the argument was calculated to be prejudicial and that an instruction by the court could not cure the error. We have carefully examined the record of the argument, and find that it was not of such a nature to be so erroneous that an instruction to the jury could not have removed the same from their consideration. The argument was not objected to at the time it was made, and the error was pointed out for the first time in their amended motion for a new trial. Appellee takes the position that the argument was invited by the argument of counsel for the appellants, but we doubt that such is true. The argument complained of is as follows:

"If you were dealing with a race horse that was alleged to be worth $250,000, and the proof was put to you here that a race horse was worth $250,000, you would have no hesitation in writing that in your verdict, would you? Here is a man that's worth $250,000 on the basis of what he has actually lost in earning capacity and on the basis of what he will actually suffer and has suffered, on the basis of pain. Do you think more of your horses than you do of your men?"

We admit that the comparison is rather fallacious and such argument should never have been made, but we come to the fact that whether or not the jury considered the argument to such an extent as to give it credit in the judgment, we can not agree. In the argument, the attorney for the appellee appealed to the jury to render judgment for $250,000. The jury returned a verdict of $171,200, $78,800 less than urged by the attorney for appellee. It does not seem to us that such argument resulted in injury to the appellants. Rule 434, Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Whitener v. Traders & General Ins. Co., 155 Tex. 461, 289 S.W.2d 233.

When we look at the argument from the standpoint of whether or not the argument was "curable" or "incurable" we have two Supreme Court cases that held that such argument should be objected to and the motion made not to consider the same. In

the case of Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, Justice Garwood of the Supreme Court discussed the question of "curable" and "incurable" arguments, and we think a careful study of this case will support our holding. Then in the case of Younger Brothers, Inc. et al., v. Myers et al., Tex. Sup., 324 S.W.2d 546, Justice Norvell points out that argument that was illegally made should have been objected to and a motion made to the court to instruct the jury not to consider the same. He cited the case of Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404. In the Goforth case Chief Justice Hickman pointed out that:

"In our view no juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument. The argument was not of the type characterized generally as prejudicial and inflammatory and neither did it introduce into the case any new evidence of a material nature."

He pointed out that such argument must be considered from the point of whether or not it caused the rendition of an improper judgment. The point is overruled.

■ By point 2 appellant complains of the action of the trial court in refusing to grant a new trial on the ground that the jury's verdict awarding Beaird damages is so excessive, in the light of the evidence, that it shows the jury to have been influenced by passion and prejudice. After the accident, Beaird did some short periods of work, but had to quit because of the disability which he suffered in the accident. We do not believe that it is necessary to consider the jury's verdict on the actual damages of past medical expenses and the damages to the car. We think that the $171,200 for loss of earnings, and physical pain and mental suffering, past and future, and future medical expenses, are all to be considered on this point. When we take

into consideration the fact that the evidence shows that the highest weekly compensation of Beaird was $135, this makes an annual income of $7,020. At the time of the trial, he had already lost more than three years work. This would make his loss already exceed $21,060. At the time of the trial he had a life expectancy of 21.63 years. When you figure that at $7,020 per year it amounts to the total sum of $151,842.60. This amounts to a total loss of $172,902.60. In our practice, the jury was not given any instructions as to any discounts to be accorded in connection with their verdict. This is a peculiar incidence in our jury practice whereby the jury has no other alternative than to take the total amount of damages. When you consider all of Beaird's injuries together, a crush to his head, a broken collar bone, 7 broken ribs, bronchial pneumonia, an injury to his back, broken pelvis, dislocated hip, cuts and many bruises, we can not conceive of the jury not allowing Beaird a substantial sum for his injuries, pain and suffering, and future medical expenses.

■ If the jury in arriving at their verdict only considered the fact that appellee was making $90 per week, which was actually his salary, then his annual income would only run $4,680. At this figure, the most actual damages that could have been found in favor of the appellee would run $108,014.40. That would leave a considerable amount of damages to be found for pain, suffering and future medical expenses. In the hearing on the motion for new trial, the appellant placed an actuary on the witness stand in an effort to prove the actual value of the appellee's loss of time on the basis of how much money he could make in the future with a percentage of reduction on the amount if paid to him at that time. As pointed out by the Supreme Court in the case of Missouri Pacific Railroad Company v. Kimbrell, 334 S.W.2d 283, this proof was not necessary. Chief Justice Hickman points out that under the decisions of our State courts, no such evidence need be introduced. So, taking into

consideration the evidence as a whole, together with the law in similar cases, we find that the jury's verdict is excessive in the sum of $31,200.00. The law is well settled that if a jury verdict is excessive, a remittitur must be suggested. Carter v. Texarkana Bus Co., 156 Tex. 285, 295 S.W. 2d 653. We think the authorities cited in George C. Vaughan & Sons v. Dyess, Tex. Civ.App., 323 S.W.2d 261, error dismissed, will support a judgment in this case for the sum of $140,000. The appellee is instructed to file a remittitur of $31,200 within 20 days after the date of this opinion and this case will be affirmed; otherwise, we will sustain the point and reverse and remand the case.

By their third point appellants complain of the action of the trial court in failing to file findings of fact and conclusions of law as required by the Texas Rules of Civil Procedure in response to their request. A judge is not required to file findings of fact and conclusions of law upon motion for new trial in a jury case. Conner v. Heard & Heard, Inc., Tex.Civ.App., 242 S.W.2d 205, error refused, n.r.e., and Eichelberger v. Rankin, Tex.Civ.App., 278 S.W.2d 278, error refused, n.r.e. The point is overruled.

By their fourth point appellants complain of the action of the trial court in refusing to grant a new trial because of the misconduct of the jury *in agreeing in advance* that the verdict should be in favor of Beaird and in then answering the special issues *with the design to effectuate that agreement,* thereby depriving the appellants of a fair trial. A hearing was had on the motion for new trial and appellants put on three witnesses to testify of the alleged misconduct. Neither of the witnesses made a strong case that such an agreement was had. The appellee then put on seven witnesses who testified that the jury took into consideration the evidence in connection with each special issue and answered the issues as they came to them, except the issues on damages, and that in the windup they finally answered the issues on damages. The trial court heard this testimony. There was a conflict in the testimony but the major portion of the conflict was in favor of the appellee Beaird. The trial court found that no jury misconduct appeared. The evidence being wholly sufficient to support the findings of the trial court, we are not at liberty to find otherwise. The rules governing the procedure and scope of the review on appeal of an order of the trial court overruling a motion for new trial based on jury conduct are well and correctly stated in 4 Tex.Jur.2d at pp. 352–3 as follows:

"In the absence of findings of fact, an appellate court will presume that the trial court made findings necessary to support its order overruling a motion for new trial based on jury misconduct. It will also presume, in the absence of findings and where the evidence is conflicting, that the trial court found as a fact that misconduct did not occur, or that it was not material, or that it did not reasonably appear that probable injury resulted to the complaining party.

"On review of an order denying a motion for new trial for misconduct of jurors, the appellate court must presume, in support of the ruling, that the trial court, in passing on the testimony of jurors, gave it the most favorable construction permissible from the standpoint of the appellee."

The trial court having found that no jury misconduct occurred, we are bound to follow its findings. Travelers Insurance Co., v. Carter, Tex.Civ.App., 298 S.W.2d 231, error refused, n.r.e.; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Texas Employers' Ins. Ass'n, v. Garza, Tex.Civ. App., 308 S.W.2d 521, error refused, n.r.e. The point is overruled.

By their 7th point appellants complain of the action of the trial court in overruling their motion for a new trial containing the jury's findings that Mayfield was guilty of negligence proximately causing the collision, and that Beaird was not guilty of any negligent act proximately causing it are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. This requires this court to examine the statement of facts under the holding of our Texas Supreme Court in the case of Ex parte King's Estate, 150 Tex. 662, 244 S.W. 2d 660. This we have done, and nowhere in the statement of facts do we find the evidence to be insufficient to support the jury findings. The collision occurred on August 9, 1955, about 4 p. m. in the City Limits of Nacogdoches, Texas, on that part of Highway 59 extending south toward Lufkin, Texas. The highway was paved, 25 or 30 feet wide, with shoulders 12–20 feet wide on each side, and was marked down the center with a center stripe. The sun was shining, the highway was open and dry, and visibility was good. There were no other vehicles near the scene at the time of the collision. At the time the collision occurred, Beaird was going down the hill and Mayfield was going up hill. Beaird was driving a Dodge sedan, and Mayfield was driving a truck to which a trailer was attached with a 30,000 lb. load of pipe. At the time the collision occurred, the debris and liquid from the wreck was left upon the east side of the highway with reference to the direction in which Mayfield was traveling; the left hand side of the highway. Immediately after the collision, Beaird's car was on the right hand side of the highway and Mayfield's truck rolled on up the highway, across the ditch, and stopped upon the bank. There is nothing in the record to show that Beaird committed any act of contributory negligence that caused the accident. We could elaborate further upon the evidence, but we think this is sufficient to support the findings of the jury. There was other evidence that was conflicting, but the jury found the conflict to be in favor of Beaird. Chesshir v. Nall, Tex.Civ.App., 218 S.W.2d 248, error refused, n.r.e.; De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Ellis v. Union Pacific Railway Company, 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Burlington-Rock Island R. Co., v. Ellison, 140 Tex. 353, 167 S.W.2d 723; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Younger Bros., Inc., v. Marino, Tex.Civ. App., 198 S.W.2d 109, error refused, n.r.e.; Henwood v. Neal, Tex.Civ.App., 198 S.W.2d 125, n.w.h. The point is overruled.

We have carefully examined the other points brought by appellants, and find them to be without merit, and they are respectively overruled.

In the event the appellee files the remittitur herein ordered within 20 days, the judgment of the trial court will be affirmed; otherwise, the judgment of the trial court will be reversed and the cause remanded.

## Addendum

On June 7, 1960, the original opinion was handed down in this case, which required the appellee to file a remittitur in the sum of $31,200.00. The remittitur has been filed and the judgment of the trial court is affirmed in the amount of the original judgment less the sum of $31,200.-00, as remitted.

Either party will have 15 days from the date of this order in which to file a motion for rehearing.