Fred W. ASHNER, Jr., Appellant,

v.

Floyd K. ROBINSON et al., Appellees.

No. 15765.

Court of Civil Appeals of Texas.

Dallas.

March 3, 1961.

Rehearing Denied April 7, 1961.

Elizabeth Carp, Dallas, for appellant.

Wilbur T. Knape, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Fred W. Ashner, Jr., brought this suit against appellees Floyd K. Robinson, Pete Koontz and Don Jacobs, individually and doing business as Koontz-Jacobs Construction Company to recover damages for personal injuries and property damages resulting from a collision between the front end of appellant's pick-up truck and the rear end of appellees' dump truck.

Based on a jury verdict, judgment was rendered that appellant take nothing against appellees, hence this appeal.

Appellees have filed a motion to dismiss the appeal with alternative prayers for affirmance by certificate or for judgment in accordance with Rule 429, Texas Rules of Civil Procedure. The basis for appellees' motion is that the statement of facts is not a complete transcript of the testimony, but consists only of portions selected by appellant.

It is true, as shown by the court reporter's certificate, that about 236 pages of the testimony have been omitted from the statement of facts. There is nothing in the record to show that appellees agreed to a partial record. Appellant did not comply with Rules 377(c) and 377–a, T.R.C.P. In support of their motion appellees cite us to Dyche v. Simmons, Tex.Civ.App., 264 S.W. 2d 208 and Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363.

Appellant on the other hand relies on Rule 404, T.R.C.P., which provides that informalities in the manner of bringing the record into court shall be considered as waived unless attacked by motion filed within thirty days after the filing of the tran-

# 910

script. However, our Supreme Court has held that the waiver thus enforced has nothing to do with inaccuracies in or omissions from statement of facts, or with anything material to the rights of the parties. Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486.

■ Under Rules 428 and 429, T.R.C.P., we doubtless could require appellant to file a correct statement of facts, and upon his failure to do so, could disregard the incomplete statement of facts filed in violation of the Rules. However, after an examination of the statement of facts in its present state, we have reached the conclusion that the record is sufficient to enable us to decide this appeal on its merits without amendment of the record. We shall therefore overrule appellees' motion to dismiss and their alternative prayers, and proceed to a consideration of the appeal.

Shortly before the collision both vehicles were being driven in a westerly direction on Thornton Freeway in the City of Dallas, Texas. Appellees' dump truck, loaded with gravel, was ahead of and in the lane to the right of appellant's truck. Appellees' truck, driven by appellees' employee, Robinson, was in the course of making a left turn for the purpose of unloading gravel in a barricaded construction area on the south half of the Freeway, when the front end of appellant's truck struck the rear end of appellees' truck.

In answer to special issues the jury found that (1A) appellees' driver, Robinson, failed to keep a proper lookout for appellant's truck, (1B) which failure was a proximate cause of the collision, (2A) Robinson did not fail to have the dump truck under proper control, and (3A) Robinson did not fail to give a visible signal of his intention to turn the truck to the left. The jury did not answer an issue which inquired whether the act of Robinson in turning his truck to the left was negligence.

With reference to appellant and his pickup truck the jury found that (7A) appellant failed to keep a proper lookout, (7B) which failure was a proximate cause of the collision, (9A) appellant did not fail to make such application of the brakes on his truck as a person of ordinary prudence would have done, (10A) appellant's failure to turn to the right was not negligence, and (11A) appellant was not following appellees' truck more closely than was reasonable and prudent. The jury did not answer an issue which inquired whether appellant was driving his truck at a rate of speed in excess of that at which a person of ordinary care and prudence would have driven it.

The jury found that appellant suffered damages due to personal injuries in the amount of $3,000 and property damages in the amount of $550.

Appellant's brief presents seventeen points on appeal. Practically all of these points are directed at questions Nos. 7A and 7B and the jury's answers to said questions. It was in its answers to these questions that the jury found that appellant Ashner failed to keep a proper lookout and that said failure was a proximate cause of the collision. The legal effect of these findings was to hold appellant guilty of contributory negligence, and so to cause entry of the take-nothing judgment against him.

Appellant's first six points assert that the trial court erred in overruling and refusing to grant appellant's motion to disregard the answers to questions Nos. 7A and 7B and to render judgment non obstante veredicto. His seventh point asserts that the court erred in failing to grant appellant's motion for new trial because the jury's answers to questions 7A and 7B were in conflict with its answers to questions Nos. 9A, 10A and 11A.

■ In his motion for new trial appellant does not assign as error the matters

complained about in his first six points and his seventh point. Therefore, they are not before us for consideration, having been waived. Rule 374, T.R.C.P.; Maples v. Henderson County, Tex.Civ.App., 259 S.W. 2d 264 (Syl. 16); Ligon v. Green, Tex.Civ. App., 206 S.W.2d 629 (Syl. 8).

Appellant's eighth to seventeenth points inclusive in substance complain of the court's alleged error in failing to grant appellant's motion for new trial (1) because there was either no evidence to support the jury's verdict, or (2) because the verdict was so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust.

We must overrule appellant's eighth to seventeenth points inclusive. The jury found that Robinson, the driver of appellees' truck, did not fail to give a visible signal of his intention to turn the truck to the left. There is testimony that Robinson turned on his left turn signal lights 520 feet before the point of collision was reached. His signal lights were still burning when he stopped his truck after the collision. Appellant Ashner admitted that he did not see the signal lights on Robinson's truck. He admitted also that he did not notice that the truck ahead of him was about to turn left until it began to do so when he was within 70 or 80 feet of it. The testimony was sufficient to support the jury's findings that appellant did not keep a proper lookout, and that such failure was a proximate cause of the collision. Appellant's eighth to seventeenth points are overruled.

The judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.