Floyd K. ROBINSON et al., Appellants,

v.

Fred W. ASHNER, Sr., Appellee.

No. 16293.

Court of Civil Appeals of Texas.

Forth Worth.

April 20, 1962.

Rehearing Denied June 1, 1962.

Wilbur T. Knape, Dallas, for appellants.

Elizabeth Carp, Dallas, for appellee.

BOYD, Justice.

Fred W. Ashner, Sr., recovered judgment against Floyd K. Robinson, Pete Koontz, and Don Jacobs for $33,000.00 as damages for personal injuries sustained in a collision of two motor vehicles, and the defendants appeal.

The collision occurred on Thornton Freeway in Dallas, when a pickup truck, driven by appellee's son, Fred W. Ashner, Jr., in which appellee was riding, struck the left rear dual wheel of a dump truck driven by Robinson and owned by Koontz and Jacobs. Robinson was in the course of his employment by Koontz and Jacobs when the accident occurred.

According to the jury findings, Robinson failed to keep a proper lookout, which was a proximate cause of the collision; he turned the dump truck abruptly to the left immediately before the collision, which was negligence and a proximate cause; he failed to signal his intention to turn to the left, which failure was negligence and a proximate cause; he had been driving in the north or outside traffic lane and immediately before the collision he drove from that lane into another lane in which the Ashner vehicle was traveling without ascertaining that such movement could be made in safety, which was negligence and a proximate cause. The jury acquitted appellee of failing to keep a proper lookout; and acquitted Ashner, Junior, of negligence in failing to drive to the left of the dump truck; in failing to turn to his right; of failure to keep a proper lookout; of negligence in failing to sound his horn; of negligence in not sooner applying his brakes; and of negligence in driving too closely behind the dump truck. It was also found that the Ashners were not engaged in a joint enterprise.

Several points of error present the contention that there is no evidence to support the verdict and judgment, or to warrant the submission of issues; and that if there is some evidence, the findings of the jury are so against its great weight and preponderance as to be clearly wrong.

■ We think there is evidence of probative force to warrant the submission of such issues as were submitted, and to support all the findings of the jury, including those relative to negligence and proximate cause, and that the findings are not so against the preponderance as to warrant their being set aside by this court.

According to the testimony of Ashner, Junior, he was driving in the left or inside lane of the two lanes for west-bound traffic; there were two dump trucks ahead of him, both in the right or outside lane; he

passed one without changing lanes; as he started to pass the other, which was appellants' truck, the driver made a left-hand turn in front of him; no directional lights were burning on the dump truck; no stop lights came on on the back of the dump truck; witness' pickup was 40 or 50 feet behind the dump truck, in another lane; witness was driving about 25 miles per hour; the dump truck "was going slow, approximately around 10 miles per hour, I would say"; witness applied his brakes; his pickup was in perfect condition; it skidded, and the left rear dual wheel of the dump truck came into contact with the pickup's front bumper; witness did not sound his horn; the driver of the dump truck did not give any signal; witness did not turn to his right, but turned to his left; there was no traffic to his right while the dump truck was ahead of him; his father said nothing about seeing the dump truck, and did not ask witness to slow down.

Robinson testified that he did not see the Ashner pickup before the collision; he said his own directional lights were burning, indicating that he was to turn to the left, for a considerable distance before he began the turn, and continued to burn until the time of the impact. He said he was driving approximately 20 miles per hour when he began to turn to the left.

Since we think there were issues of material fact in the case, and that the evidence is sufficient to support the findings of the jury, we find no error in the action of the court in overruling appellants' motions for summary judgment, for peremptory instructions, and for judgment non obstante veredicto.

We have carefully considered appellants' contention that certain issues are duplicitous and multifarious, and constitute double submissions and comments on the weight of the evidence, but we do not think that error is thereby shown.

■ Error is assigned to the court's refusal to submit certain requested issues. We think that the requested issues were fairly covered by the issues submitted, and that therefore no error is shown. Smith & Conklin Bros. v. Griffith, 153 Tex. 341, 268 S.W.2d 124.

■ We perceive no error in the court's granting appellee's motion for summary judgment as to appellants' cross-action against him for damages to appellants' dump truck resulting from the collision. It was shown on that hearing that appellee's only connection with the matter was that he was riding in the pickup belonging to and operated by Ashner, Junior, and was himself guilty of no act of negligence.

Ashner, Junior, sued these appellants for his damages resulting from the collision. He lost his case. On appeal, the judgment was affirmed. Ashner v. Robinson et al., Tex.Civ.App., 344 S.W.2d 909. In that trial the jury found that both Robinson and Ashner, Junior, were guilty of acts of negligence proximately causing the collision. In the case at bar appellants sought to make Ashner, Junior, a party, and alleged that he had an interest of such nature in the controversy that a final decree could not be made without affecting his interest or leaving the controversy in such a condition that its final termination would be wholly inconsistent with equity and good conscience; that he appeared to be a joint owner of the amount asserted by appellee to be due upon his cause of action; and that appellants were entitled to judgment for full indemnity over and against him, or for contribution.

This cause was pending when the cause of Ashner, Junior, against appellants was tried. Appellants made no effort to have the cases consolidated. Rule 97(f), Texas Rules Civil Procedure, provides that when the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, they may be brought in. Rule 174(a), T.R. C.P., provides that when actions involving a common question of law or fact are pending before the court, it may order a

joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Henderson County Levee Improvement Dist. No. 3 v. Williams et al., Tex.Civ.App., 19 S.W.2d 197; Regester v. Lang, Tex.Civ.App., 33 S.W.2d 230; Cobb v. Barber, 92 Tex. 309, 47 S.W. 963.

Appellants invoke Rule 38, T.R. C.P., which provides that a defendant may file a cross-action against a person not a party to the action who is or may be liable to him or to the plaintiff for all or a part of the plaintiff's claim against the defendant. We cannot see how Ashner, Junior, could be liable to appellee for any of appellee's claim against appellants. A claim by appellee against Ashner, Junior, for damages sustained in the collision could arise only under the provisions of the Guest Statute, which require a finding of gross negligence; whereas, appellee's claim against appellants may arise, and is alleged to have arisen, from acts of ordinary negligence, or from their failure to use ordinary care. Neither, in such a situation, could appellants recover indemnity or contribution. Mitchell v. Gooch et al., Tex.Civ.App., 210 S.W.2d 834; Patterson v. Tomlinson, Tex.Civ.App., 118 S.W.2d 645, error refused. We pretermit a discussion of appellee's position that appellants are estopped by the judgment in the former case, and that it is res judicata as to the contentions of appellants in reference to the court's refusal to permit their cross-action against Ashner, Junior, in this suit. Appellants' point of error is overruled.

One point for reversal is that there was jury misconduct. The transcript of the testimony taken on that hearing covers 372 pages. The nearest approach to a serious matter revealed in that record is the testimony of one juror that while he was sitting in the jury box before a morning session, and conversing with the court bailiff, the bailiff said that the case had been tried before and appellee secured a verdict for $34,000.00. The juror said he did not mention that matter to any fellow-juror until after the verdict had been returned, and that during the deliberations of the jury he was among the approximately half of the jurors who were "on the low side" before compromising on a verdict of $33,000.00. We do not think it was shown that there was such misconduct as was calculated to and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P.

It is contended that the verdict is excessive. We have reviewed all the evidence on the point, and, although we do not set it out, we think it is ample to support a recovery for $33,000.00. Moreover, courts have found no formula for the exact measurement of pecuniary compensation for physical pain and mental anguish, or for future medical expenses. These matters are for the jury in the first instance; and courts are reluctant to interfere when there is substantial evidence to support the jury finding. George C. Vaughan & Sons v. Dyess, Tex.Civ.App., 323 S.W.2d 261; Louisiana & A. Ry. Co. v. Chapin, Tex.Civ.App., 225 S.W.2d 614; Green v. Rudsenske, Tex.Civ.App., 320 S.W.2d 228. We think the evidence would sustain a recovery somewhat like those allowed in George C. Vaughan & Sons v. Dyess, supra; Houston Belt & Terminal Railway Company v. Burmester, Tex.Civ. App., 309 S.W.2d 271; and Viking Construction Company v. Beaird, Tex.Civ. App., 337 S.W.2d 699.

All points of error not discussed have been considered and they are overruled.

We have studied every page of this approximately 2000 page record in the light of the contentions ably presented by appellants' brief and oral argument, but we do not believe that reversible error is reflected.

The judgment is affirmed.