**Floyd K. ROBINSON, Pete Koontz and Don Jacobs, Petitioners,**

v.

**Fred W. ASHNER, Sr., Respondent.**

No. A–9116.

Supreme Court of Texas.

Jan. 16, 1963.

Rehearing Denied Feb. 13, 1963.

Wilbur T. Knape, Dallas, for petitioners.

Elizabeth Carp, Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for respondent.

STEAKLEY, Justice.

A pickup truck driven by Fred W. Ashner, Jr., in which his seventy-five-year-old father, Fred W. Ashner, Sr., was riding, collided with a dump truck driven by Floyd K. Robinson, an employee of Pete Koontz and Don Jacobs, the owners of the truck. Ashner, Jr., and Ashner, Sr., filed separate suits against Robinson, Koontz and Jacobs to recover damages for their personal injuries, and, in Junior's suit for damages to his pickup. No motion was filed to consolidate the suits. Junior's suit was first tried and he lost, the jury finding both Junior and Robinson guilty of negligent acts proximately causing the collision. The judgment was affirmed on appeal and is reported as Ashner, Jr. v. Robinson et al., Tex.Civ.App., 344 S.W.2d 909.

In the suit of Ashner, Sr., Respondent here, Robinson, Koontz and Jacobs, Petitioners here, filed a Third Party Petition against Ashner, Jr., for recovery of property damage to their truck, and for indemnity or contribution with respect to any recovery by Senior against them; Petitioners also filed a cross-action against Senior for recovery of property damage to their truck. Petitioners alleged that Senior and Junior were engaged in a joint enterprise. The trial court sustained Junior's Plea in Bar and Abatement to the Third Party Petition based on the outcome of Junior's case. No appeal was taken against Junior. The trial court also granted Senior's Motion for Summary Judgment respecting Petitioners' cross-action against him and overruled Petitioners' Motion for Summary Judgment predicated on joint enterprise, res judicata and estoppel by judgment. Respondent's jury verdict upon the first trial of the case on the merits was set aside upon Petitioners' Motion for New Trial. Respondent again won a jury verdict upon second trial and his judgment for

$33,000.00 was affirmed by the Court of Civil Appeals. Tex.Civ.App., 357 S.W.2d 611. As pertinent here, the jury found that Senior did not fail to keep a proper lookout; that Senior and Junior were not engaged in a joint enterprise; that Junior was not negligent in various particulars and that Robinson was.

Petitioners' basic contention is that Ashner, Sr., was precluded from recovery against them as a matter of law. This is predicated on that portion of the deposition testimony of Senior which was incorporated in Senior's Motion for Summary Judgment; upon his testimony in the trial of the case; and upon the finding in the order of the trial court overruling Petitioners' Motion for Summary Judgment "that the admissions of the plaintiff herein conclusively established joint enterprise and that therein no actual controversy exists." Which, in turn, say Petitioners, are contrary to and inconsistent with the essential fact embraced in Senior's theory of recovery, i. e., the negligence found against Junior in his separate suit is not imputable to Senior and hence Junior's suit cannot be res judicata of Senior's suit. Stated affirmatively, Petitioners' position is that they were entitled to judgment as a matter of law (hence their motions for instructed verdict and for judgment non obstante veredicto should have been sustained) because the negligence of Junior found by the jury in Junior's suit is imputed to Senior in his suit, and that the judgment in Junior's suit is res judicata of, or, in the alternative, estoppel by judgment against, Senior's suit.

■ The negligence of the driver of an automobile may not be imputed to a passenger whose status is that of guest. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379. An action for personal injuries brought by the guest against the driver of the other automobile may be defeated only where the act of the driver of the car in which the guest is riding was the sole proximate cause of the injuries to the guest. Schuhmacher Co. v.

Holcomb, 142 Tex. 332, 177 S.W.2d 951; Holland v. De Leon, 118 S.W.2d 489, er. ref.

■ In the case before us, the trial court obviously concluded upon the trial of the suit of Ashner, Sr., that the evidence did not establish that Senior and Junior were engaged in a joint enterprise as a matter of law at the time of the accident. The question of joint enterprise was submitted to the jury by means of an appropriate special issue and the jury found in the negative. This forecloses the question of the imputation of the negligence found against Junior in his suit to Senior in the separate trial of his suit (and removes any basis for the judgment in Junior's suit to be res judicata of Senior's cause of action in his suit or for estoppel by judgment to operate against him) unless the evidence in Senior's suit establishes joint enterprise as a matter of law. It was shown by the evidence that Ashner, Jr., owned the pickup truck and that Ashner, Sr., did not have an equal right, express or implied, to direct and control the conduct of Junior in its operation. Ashner, Sr., had not owned or driven an automobile, or held a driver's license, for many years. Ashner, Jr., is employed as a fireman and has driven various types of fire fighting vehicles for fifteen years. The evidence is conflicting touching the question of whether the object of the trip was common to them. It is clear that the evidence in the trial of Senior's suit did not establish that Junior and Senior were engaged in a joint enterprise as a matter of law. See Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65; El Paso Electric Co. v. Leeper (Tex.Comm.App.), 60 S.W.2d 187; Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474.

■ The portion of the deposition testimony of Ashner, Sr., which was included as a part of his Motion for Summary Judgment, was not such a testimonial declaration or admission as to preclude trial of the

issue of joint enterprise in the trial on the merits. See United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, wr. ref., pointing out that for the rule precluding recovery by a party's testimonial declarations to be applicable, it must appear, in addition to other requirements, that the statement is deliberate, clear and unequivocal; and that "If the statement merely contradicts some other portion of the party's testimony, conclusive effect cannot be given thereto, but a fact issue is presented for the determination of the jury * * *." The deposition testimony of Ashner, Sr., forming a part of his Motion for Summary Judgment is not construable as an admission of joint enterprise; the testimony is equivocal concerning common object of the trip and is silent with respect to the question of joint control.

In view of the foregoing, Ashner, Sr., was not in a position of inconsistency upon which estoppel may be based, as contended by Petitioners, in his Motion for Summary Judgment to Petitioners' cross-action against him as derivatively liable upon the basis of joint enterprise for the damages to Petitioners' dump truck, and in which motion it was urged that the judgment in the suit of Ashner, Jr., was determinative of the cross-action issues of derivative liability. In his connection Petitioners also contend that the granting of Senior's Motion for Summary Judgment, as well as the sustainment of Junior's Plea in Bar and Abatement to the Third Party Petition against Junior, relegated them to a prejudicial defensive position before the jury in the trial of Senior's suit against them. Petitioners show no harm or prejudice, and we perceive none, approaching reversible error in the fact that Petitioners were not in both an offensive and defensive position before the jury. Petitioners were not deprived of the opportunity to present any evidence to the jury, or the submission of the controlling issues to the jury, as a result of the action of the trial court in the respects under review.

■ Petitioners also claim error by the trial court in overruling their Motion for New Trial because, say Petitioners, the jury "discussed and considered a statement made by the Court Bailiff during the trial that the case had been tried before and that the jury returned a verdict against the Defendants in the amount of $34,000.00.

The wholly inexcusable and improper conduct of the court bailiff is shown in the testimony of the juror McKeever in the lengthy hearing on the Motion for New Trial. At some time apparently after the jury had been impaneled, the exact time being unclear, this juror testified that while alone with the court bailiff in the courtroom the bailiff stated to him that the case had been tried before and had resulted in a jury verdict of $34,000.00 for the plaintiff. The juror McKeever further testified that he did not tell any of the other jurors of the conversation until after the jury had reached a verdict; that there was no discussion or consideration by the jurors of the information imparted by the bailiff; and that he, McKeever, was in the "lower fifty per cent of the jurors," and compromised upward in agreeing to the verdict. One of the other eleven jurors who testified in the hearing of the Motion for New Trial was not asked about the matter but all of the remaining jurors testified that they did not know of the statement made by the bailiff during their deliberations and that there was no discussion or consideration of the information by the jury.

The situation, then, is not one of jury misconduct but of misconduct of a gross nature on the part of the court bailiff. The juror McKeever was an innocent victim of the conduct of the bailiff and the evidence does not establish misconduct by McKeever or the other jurors, or harm to Petitioners in the deliberations of the jury.

The judgments below are affirmed.