**William E. GRACE, Appellant,**

v.

**Bennie Ray STARRETT et al., Appellees.**

**No. 16844.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 20, 1967.

Rehearing Denied Feb. 17, 1967.

Neil Brans and Louis Wilson, of Brans, Higginbotham & Berry, Dallas, for appellant.

Thomas Black of Maloney & Black, Austin, Hight, Bailey & Hight, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

Bennie Ray Starrett instituted this action individually and in behalf of his wife, Willie Mae Starrett, and as next friend for his minor daughters, Vickie Lea Starrett and Audrey Kay Starrett, against William E. Grace seeking to recover damages for

both personal injuries and property damage sustained as a result of a collision between plaintiff's automobile, driven by his wife, and an automobile driven by defendant. Trial was had with the aid of a jury which returned a verdict convicting defendant of negligence in several particulars which proximately caused the collision and exonerating plaintiff's wife of contributory negligence. The total damages awarded by the jury amounted to $15,000 which the district judge reduced to a total of $13,100. Both parties agree that due to mathematical miscalculation the correct amount of the judgment should have been $12,100.

Defendant has appealed contending, in three points of error, that the judgment should be reversed because (a) the evidence is insufficient to support the verdict of the jury as to the amount of damages awarded; (b) that the trial court should have ordered a remittitur rather than reducing the amount of damages on his own motion; and (c) that plaintiff should not have been allowed to prosecute the suit in behalf of his wife for her damages. We find no merit in any of these points and affirm the judgment, as modified.

█ Appellant makes no complaint concerning the issues of liability which were adjudged against him. Neither does he bring forward any assignments of jury misconduct. The main thrust of his attack upon the judgment is directed to the insufficiency of the evidence to support the various amounts of damages awarded the respective parties. Our resolution of the "insufficiency of the evidence" point has required us to examine the complete record in this case and evaluate the same in the light of the often repeated rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 . S.W.2d 660, and elaborated by Chief Justice Calvert in his article, " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Tex.L.Rev., p. 361.

The record reveals that appellee's wife, Willie Mae, was twenty-six years old at the time of the trial and twenty-three years old at the time of the accident. Prior to the accident she was in good health and able to perform all of her household chores and duties. Since the birth of her first child she had remained at home but she was trained as a waitress and was capable of earning at least $60 per week in that trade. Prior to the accident she had no female troubles and bore her children normally and without difficulty. As a result of the collision she was wrenched from the steering wheel and thrown under the dash of the automobile. She said she was "crushed and nervous and hurt and everything." Immediately after the accident she was described as being hysterical, incoherent and "out of her mind." At the time of the collision she was approximately a month and a half pregnant and the night of the collision she suffered a miscarriage. Immediately after the impact she said she was "cramping and hurting" and started "spotting and flooding" which she explained was vaginal bleeding. She said that she still experienced trouble and had the same complaint in that area. She described the condition as painful and it existed at the time of the trial. Such condition had interfered substantially with her household tasks and had definitely prevented her from seeking outside work as a waitress. Although she had carried and delivered her first two children in a perfectly normal manner, a pregnancy occurred between the time of the collision and the trial that was quite unusual in that the delivery was abnormal. Her doctor had advised her to "take it easy" and had administered pills which she said did not help her.

The jury awarded Mrs. Starrett the sum of $7,500 for her injuries but this amount was reduced by the court to $5,000, being the amount sued for by appellee.

Vickie Lea Starrett, appellee's daughter, was five years old at the time of the accident and was sitting in the front seat of the car with her mother. Following the accident she was found in the street crying and suffering from a swollen and injured arm.

Her face was skinned; her head was skinned and had a knot on it about the right temple. Several days later she became worse and her cuts and abrasions became infected. Shortly after the accident the little girl began having convulsions which she had never experienced prior to the accident. The mother took the little girl to a doctor who sent her to the Children's Medical Center where a brain wave test was made. She was also examined by a doctor for her arm and fingers which had become swollen. She still has trouble with her arm. In December following the accident she was taken to a plastic surgeon who concluded that "it would be reasonable and probable that there had to be an operation on this condition of the arm" and that the total cost of the operation would be approximately $275. The doctor testified that the scar could be embarrassing to the child in her social life and that without the operation it would smooth out only slightly. Even with the operation he "could not assure them that it would be completely gone." The mother testified that the little girl wakes up screaming in the night and despite her age and apparent normalcy she relapsed on her toilet training to the point that she "wouldn't use the restroom at all" and is "still bad about it."

The jury awarded the sum of $4,500 as damages to Vickie and also the sum of $400 for past and future medical expenses for her.

Audrey Kay Starrett, appellee's daughter who was three years old at the time of the accident, was riding in the back seat of the automobile at the time of the collision and was thrown out of the back window and landed on the street. The child had a knot on her head and her face was bleeding. She was crying and skinned up. Her chest was mashed and as a result the child coughs and cries complaining of hurting. At the time of the trial the little girl "still has nightmares and cries a lot and is easier to take cold than she was on account of her chest." At the time of the trial the child still had a knot on her head and to a lesser degree than Vickie has experienced the same trouble with toilet training.

The jury awarded Audrey Kay the sum of $1,600 damages for injuries and also $100 to her father for medical expenses.

Appellant sought to offer the testimony of the physician at Parkland Hospital who allegedly examined Vickie and Audrey immediately after the accident. The physician's testimony was rather vague and he said, "I don't remember this specific instance, we see some two hundred or three hundred patients a day." He could not testify whether the injuries to the children were serious because there was no "adequate follow-up." He described his examination as "a cursory one for emergency care only."

As to damages to the automobile a witness who qualified on market value testified that immediately before the accident appellee's automobile had a market value of $1,200 and immediately after the accident had a market value of $500. Appellant offered no testimony whatsoever to dispute this evidence. The jury awarded appellee the sum of $900 for automobile damage but this amount was reduced by the trial court to the sum of $500, being the amount claimed in the petition.

Appellant concedes that there is come evidence to support the damage verdict but earnestly contends that the testimony in support thereof is so weak and "the resultant findings thereon so excessive as to shock the conscience under such testimony and could lead one to think of nothing other than that the jury had ill will or prejudice or had in mind some type of punishment because of conduct on the part of defendant and appellant here." However, appellant has brought forward no assignments complaining of jury misconduct based upon passion or prejudice or alleged ill will. We cannot agree with appellant that the damage judgments in this case are so excessive as to shock the conscience of the court.

In cases of this kind it has always been recognized that it is impossible for the complaining party to bring forward testimony supporting damages with mathematical certainty. The law requires only that the evidence be sufficient to enable the jury to estimate the loss or damages with reasonable certainty. As one court has so aptly phrased it:

"There has never been a fixed measure by which damages for pain and suffering can be gauged with any degree of certainty. Actually, the measure of damages in each case is a matter of opinion of the person or persons whose duty it becomes to fix those damages. Courts in most instances have always been reluctant to disturb the findings of a court or jury on such matters where there is any evidence to support it." George C. Vaughan & Sons v. Dyess, Tex.Civ.App., 323 S.W.2d 261, err. dism.

This record reveals substantial evidence to support the jury's award of damages. In such a case appellate courts are reluctant to interfere with such findings even though such court itself would have rendered a smaller verdict. Robinson v. Ashner, Tex.Civ.App., 357 S.W.2d 611, affirmed 364 S.W.2d 223; Texas & N. O. R. Co. v. Flowers, Tex.Civ.App., 336 S.W.2d 907; Houston & T. C. Ry. Co. v. McNamara, 59 Tex. 255.

By his second point appellant complains of the action of the trial judge in voluntarily reducing the jury's award of damages to Willie Mae Starrett from $7,500 to $5,000 and in reducing the amount of automobile damages from $900 to $500. Appellant contends that the correct procedure would have been for the trial court to have required a remittitur pursuant to Rule 328, Vernon's Texas Rules of Civil Procedure. We cannot agree with appellant. What the trial court really did was to comply with Rule 301, T.R.C.P., which specifically provides that the "judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." The court recited in his judgment that the jury's awards were being reduced to conform to the pleadings and evidence and this is precisely the case. Furthermore, even if it could be said that the trial court committed a procedural error the same is not shown to have resulted in the rendition of an incorrect judgment. Rule 434, T.R.C.P. Any complaint concerning a reduction of the jury's award would come from appellee, rather than appellant.

In his third point appellant raises the novel proposition that since the passage of Art. 4626, Vernon's Ann.Civ.St., effective August 24, 1963, which grants to a married woman the right to sue and be sued, the husband has been deprived of his historic right to bring an action in his own name for the wife's personal injuries. Appellant cites no case which would enjoin appellee from bringing the action as he did but argues that unless the wife actually brings the suit, or joins therein, she might later assert another claim for damages against appellant. We find no merit whatsoever in appellant's contention and overrule the same. It has long been the law in Texas that the husband is the manager of the community estate and that damages recovered for the wife's personal injuries are community property. Ellis v. City of San Antonio, Tex.Civ.App., 341 S.W.2d 508. We find nothing in Art. 4626, V.A.C. S. which would change or alter this rule of law.

As stated above, the judgment of the trial court must be modified so as to decrease the amount awarded appellee to the sum of $12,100. As so modified the judgment is

Affirmed.